

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 21 2012

JAMES W. McCORMACK, CLERK
By: [signature]
DEP CLERK

**FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**__________ DIVISION**

Jury Trial: ☐ Yes ☑ No
(Check One)

**CASE NO.** 5:12-CV-369 JLH-BD

I. Parties

In item A below, place your full name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

Name of plaintiff: VINCENT E. VALACHI
ADC # 099530

Address: VARNER UNIT. P.O. BOX 600 GRADY ARKANSAS 71644-0600

Name of plaintiff: ROBERT HEFFERNAN
ADC # 076641

Address: VARNER UNIT. P.O. BOX 600 GRADY, ARKANSAS 71644-0600

Name of plaintiff: __________
ADC # __________

This case assigned to District Judge Holmes
and to Magistrate Judge Deere

Address: __________

In item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B. Name of defendant: CORIZON-HEALTHCARE

Position: Medical CARE PROVIDER FOR ALL A.D.C. PRISONERS

Place of employment: C/O A.D.C. PINE BLUFF CENTRAL OFFICE

Address: PINE BLUFF CENTRAL OFFICE P.O. BOX 8707 PINE BLUFF AR. 71611

Name of defendant: Ms JENNIFER McBRIDE

Position: VARNER UNIT INFIRMARY ADMINISTRATOR

Place of employment: VARNER UNIT P.O BOX 600 ARKANSAS DEPT. OF CORRECTIONS GRADY, ARKANSAS. 71644-0600

Address: ____________________

Name of defendant: MR. JAMES BANKS

Position: WARDEN

Place of employment: VARNER UNIT - ARKANSAS DEPT. OF CORRECTIONS

Address: P.O. BOX 600, GRADY, ARKANSAS 71644-0600

Name of defendant: MR. JOE PAGE.

Position: ASST. WARDEN

Place of employment: VARNER UNIT - ARKANSAS DEPT OF CORRECTION

Address: PO BOX 600, GRADY, ARKANSAS 71644-0600

II. Are you suing the defendants in:

☐ official capacity only
☐ personal capacity only
☑ both official and personal capacity

III. Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___ No ✓

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐ Parties to the previous lawsuit: N/A

Plaintiffs: ____________________

Defendants: N/A

☐ Court (if federal court, name the district; if state court, name the county):

    ______________________________________________

☐ Docket Number: N/A

☐ Name of judge to whom case was assigned: N/A

☐ Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) N/A

☐ Approximate date of filing lawsuit: N/A

☐ Approximate date of disposition: N/A

IV. Place of present confinement: VARNER UNIT – ARKANSAS DEPT. OF CORRECTIONS

V. At the time of the alleged incident(s), were you: (check appropriate blank)

____ in jail and still awaiting trial on pending criminal charges

✓ serving a sentence as a result of a judgment of conviction

____ in jail for other reasons (e.g., alleged probation violation, etc.) explain: ______________________________________________

______________________________________________

VI. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

. Did you file a grievance or grievances presenting the facts set forth in this complaint?

Yes ✓ No ___

. Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

Yes ___ No ___ STILL PENDING

If not, why? N/A

## PARTIES TO THE ACTION

**PLAINTIFF'S**

**(1) Vincent E. Valachi- 099530**
**Varner Unit- P.O. Box 600**
**Arkansas Dept. of Corrections**
**Grady, Arkansas 71644-0600**

**(2) Robert Heffernan- 076641**
**Varner Unit- P.O. Box 600**
**Arkansas Dept. of Corrections**
**Grady, Arkansas 71644-0600**

**DEFENDANTS**

**CORIZON-HEALTHCARE**
**Position: Medical Care provider for all prisoners in the A.D.C. by contract.**
**Place of employment: All A.D.C Units**
**Address: Corizon- HealthCare c/o A.D.C.**
**Pine Bluff Central Office**
**P.O. Box 8707**
**Pine Bluff, Arkansas 71611**

**Ms. Jennifer McBride**
**Position: Varner Unit- Infirmary Administrator**
**Place of Employment: Varner Unit**
**Address: Varner Unit- A.D.C.**
**P.O. Box 600**
**Arkansas Dept. of Corrections**
**Grady, Arkansas 71644-0600**

**Mr. James Banks/Warden**
**Position: Varner Unit Warden**
**Place of Employment: Varner Unit**
**Address: Varner Unit- A.D.C.**
**P.O. Box 600**
**Arkansas Dept. of Corrections**
**Grady, Arkansas 71644-0600**

Mr. Joe Page/Asst. Warden
Position: Varner Unit Asst. Warden
Place of Employment: Varner Unit
Address: Varner Unit- A.D.C.
P.O. Box 600
Arkansas Dept. of Corrections
Grady, Arkansas 71644-0600

**STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S PRELIMINARY INJUNCTION AND OR TEMPORARY RESTRAINING ORDER**

(1) Plaintiff's, Valachi and Heffernan are prisoners in the Arkansas Dept. of Correction and are housed in the varner unit, 22 barracks.
They are insuline diabetics, in need of insuline shots (3) times a day.
Plaintiff's are being deprived of medical care and treatment for there serious life threatening illnesses they suffer from diabetes. In that the defendants either delaying, intentionally interfering, with diabetic shot call and medical prescribed care and treatment of there diabetes, each day, or now also because the facilitic is inadequate. Because the infirmary is inadequate to provide medical care and treatment for not only 40 diabetes but also 1400 other inmates at the varner unit and 500 inmates in the varner unit super max. That this same infirmary has to provide medical care and treatment for. Because of inadequate medical staff. Now being (1) nurse LPN to provide for varner unit and varner super max unit.

(2) This varner unit now has inadequate nursing staff to be able to provide medical care and treatment for just the varner unit, let alone be able to care for the inmates 500 of them in the varner supper max unit. This is a total disregard of excessive risk to the plaintiff's health and safety, and the 35 other diabetics in the varner unit along with the 1400 varner unit inmates and 500 super max inmates. This is deliberate indifference to plaintiff's serious medical needs as diabetics.

**(3) Because of the understaff on nurses at the varner unit it has caused a unnecessary prolong delay in providing emergency medical care and treatment to not only the plaintiff's, but to other inmates at the varner unit and varner super max unit.**

**(4) This varner unit use to have a 6 man hospital ward with (2) isolation rooms which use to provide for inmates which needed IV-injections in the infirmary. They closed the hospital ward *[and made it into a record office.]* and the medical isolation room *[made into (2) office's]*. If you need IV-injections for whatever reason or just need medical care and treatment you will be sent to another ADC unit. Because by ADA spects you can use this infirmary.**

**(5) September 1, 2012 saturday at 9:00 am each day, plaintiff's Heffernan and Valachi went to the infirmary to get our 9:00 am diabetic insulin injection. They where told by security there was no nurse in the infirmary and only one LPN which is in the varner super max and she said, she was not coming back to the infirmary. And that a nurse should be at the varner unit by 10:00 am or 10:30 am.**

**Plaintiff Heffernan and Valachi filed a emergency grievance on this date plaintiff's exhibits A and B.**

**(6) Defendant's Corizon-Healthcare and Ms. Jennifer McBride infirmary administrator and defendants warden James Banks and asst. warden Joe Page can make the infirmary staff, the needed nurses to provide the needed medical and treatment care for all 1400 inmates in the varner unit and 500 in the super max unit. But even with plaintiff's emergency grievance which goes to the asst. warden Joe Page and warden James Banks.**

**At 11:30 am, the palintiff's got their diabetic insulin shots 2 and 1/2 hours late. It was done by a nurse from another unit "Pine Bluff".**

**Varner unit was without a nurse 2 and 1/2 hours more depending what time the night nurse went home at 6:00 pm to 7:00 am.**

**The Varner unit has been trying to run the infirmary with (1) one LPN nurse to run the varner unit and sometime (1) one LPN nurse in the varner super max unit. But for one nurse LPN to care 1400 inmates plus one nurse LPN sometimes be able to care for 500 inmates.**

**(7) On September 2, 2012, at 2:40 pm the infirmary nurse called "Diabetic Shot Call" when myself and Valachi and 20 other diabetic's got to the new building tunnel gate officer on 13 and 14**

**barracks would not let the diabetics pass, to go to the infirmary and get their 2:30 pm diabetic shot.**

**This officer intentionally denied and delayed the plaintiffs and other diabetics access to the infirmary, which is interference with treatment and medical prescribed diabetic insulin shots.**

**This officer on 13 and 14 barracks on this date would not let us diabetics go to the infirmary not until 3:30 pm almost 1 hour delay by staff member COI Rayford.**

**This was intentionally delaying and interference with medical prescribed diabetic shot call. Which is deliberate indifference to our serious medical needs diabetic insulin shots.**

**(8) When diabetic's don't get their calls made on time which is 2:00 am; 9:00 am and 2:30 pm. When diabetic shot call is not made on time as have been the case for some time it can result in plaintiffs or one of the other 40 something diabetics go into diabetic shock, diabetic coma and diabetic death we or they could go unconscious from either hyperglycemia which is high blood sugar, anything over 120 on up or hypoglycemia which is low blood sugar less than 70 and below.**

**When the diabetic shot call is not made on time either plaintiffs or one of the other 40 or so diabetics could be laying in bed unconscious in need of emergency treatment, the later the call the more odds are that diabetic could already be in diabetic shock or coma. And if there is only one nurse in the infirmary the odds increases that one diabetic not showing up for diabetic shot call will still not be missed, and this can cause deep coma or even death.**

**(9) And as the case has been ongoing these policies and practices contribute to as system-wide constitutional violations one being violations of the Eighth Amendment of the Constitution of the United States.**

**Plaintiff's have been subjected to conditions of this varner unit which deprive them of the basic human need and medical care and treatment and safety. The Eighth Amendment protects against conditions of this unit that pose a unreasonable risk of future harm, as well as those that are currently causing harm to plaintiffs health and safety, which are life-threatening.**

**A inmate Plaintiffs must rely on prison authorities, and medical providers to his medical needs.**

**If medical providers, and prison authorities fail to do so, these needs will not be met, in the worst cases such failure may actually produce physical "torture or a lingering death".**

**Denial of the infirmary to staff the needed nurse, to be able to provide the needed medical care and treatment to not only varner unit.**

**But also the varner super max unit and denial of diabetic shot call, to be at set time 2:00 am; 9:30 am and 2:30 pm for plaintiffs and other 40 or so diabetics to be able to come to the infirmary and have their diabetic testing done. And diabetic insulin shots given to protect them from diabetic shock, diabetic coma or death... which also would serve no penological purpose and this is inconsistent with contemporary standard of decency and the public be required to care for prisoners who cannot by reason of the deprivation of his liberty care for himself violates the Eighth Amendment.**

**(10) Under Estelle v. Gamble Id, The Court indicates the Eighth Amendment is violated when clearly delaying access to medical care or intentionally interfering with treatment once prescribed.**

**Defendants in this case have all acted with deliberate indifference to plaintiffs serious illness or medical care which constitutes cruel and unusual punishment in violation of the Eighth Amendment.**

**Liability include failure to provide adequate staff, maintain polices that make adequate care possible.**

**(11) Defendants, Corizon-Healthcare, Ms. McBride, Warden Banks and Asst. Page acted under color of state law to subject Plaintiff's Valachi and Heffernan and all inmates of the varner unit and varner super max to deprivation of rights privileges or immunities secured by the constitution and laws.**

**By failure to provide adequate medical care and treatment, and acted with deliberate indifference to plaintiffs serious medical needs as a diabetic, and which constitutes cruel and unusual punishment in violation of the Eighth Amendment.**

**And each Defendant subjected Plaintiffs to unconstitutional conditions of confinement by failure to attend to plaintiffs medical needs. And a combination of both and lack of access to proper medical care and treatment.**

**(12) Defendant Corizon-Healthcare is a private contractor under contract by the A.D.C.-Arkansas Dept. of Corrections to provide medical care and treatment for all prisoners and plaintiffs.**

**Liability include (1) failure to provide adequate medical staff at the varner unit to be able to provide for plaintiffs medical care and maintain polices for Corizon's nurses and medical staff that make adequate care possible.**

**Corizon-Healthcare, has not provided adequate medical staff, and nurses at the varner unit in over the pass 9 months since C.M.S. contract expired and Corizon took over as a new care provider.**

**In the pass 3 months nursing staff has gone down to most days to one (1) nurse LPN to run the unit at varner (1) nurse to take of 1400 prisoner is not adequate to care for the plaintiffs or the rest of 40 or so diabetics and 1370 prisoners.**

**Corizon-Healthcare, because of the persistent and widespread practices of inadequate infirmary staff which cause interference with treatment long delay in treatment and medical care of plaintiffs- and the other 40 or so diabetics. And 1370 other prisoners Corizon has disregarded the excessive risk to plaintiffs health and or safety. This has been a ongoing situation.**

**(13) Defendant Ms Jennifer McBride, varner unit infirmary administrator has a responsibility personal and personal involvement of staffing. The medical staff and the inadequate medical staff needed in the varner unit Ms. McBride, she was aware varner unit medical staff was inadequate to provide medical care and treatment each for plaintiffs to be able to get proper medical care and treatment of their diabetes. When the infirmary is working with one nurse LPN when plaintiffs come to the infirmary fro their 9:00 am insulin injection they may get there insulin injection 30 to 45 minutes because the one (1) varner unit nurse has to other things. When there should be at least 2 varner units nurse's and (1) nurse to take care of the varner unit super max unit.**

**(14) Defendant, Warden James banks as warden over the varner unit failure to adequately supervise the infirmary to assure the infirmary has adequate medical staff and nurse's to assure medical staff can provide medical care and treatment to plaintiffs and the other 1400 prisoner's are provided for warden Banks is responsible for the varner unit and all that happens within the**

unit. And he knew or known that staff at or in his infirmary was inadequate to provide for plaintiffs medical care and treatment each day warden banks disregarded the excessive risk to plaintiffs health and safety.

Warden Banks is responsibility and makes policies and written regulations and enforcing those policies along with personal responsible for supervisory of security staff and liability for his employee.

Warden Banks has basic obligation. The state and its agents have a affirmative duty to plaintiff's to provide reasonable access to medical care and treatment in his infirmary and ensure that prescribed care is in fact delivered.

Warden Banks, because he has not made the infirmary correct the inadequate medical staff when he had personal knowledge. His conduct indicates deliberate indifference to plaintiffs medical needs as a diabetic.

(15) Defendant, Asst Warden Joe Page failure to adequate supervise the infirmary to assure the infirmary has adequate medical staff and nurses to assure the plaintiffs are provided medical care and treatment. Mr. Page is over the varner unit also works under warden Banks.

Asst. Warden Page is responsible for all within the varner unit.

Since the infirmary is within the varner unit, he had knowledge that the infirmary was under staff and could not provide for plaintiffs medical care and treatment. His conduct is deliberate indifference to plaintiffs medical care and needs as a insulin diabetic. He could of made the infirmary, to correct the inadequate medical staff, to be able to provide medical care and treatment to all varner unit prisoners along with the plaintiffs.

(16) Plaintiffs are medical handicapped they have a very serious medical need as diabetic's. Eighth Amendment protects against conditions that pose an unreasonable risk of future harm as well as those that are currently causing harm.

Plaintiff, will suffer "irreparable injury" without the preliminary injunction and or temporary restraining order. It is the public interest to grant the injunction, for government officials including prison personnel and contract medical providers. To obey the constitution and other laws.

**Plaintiffs will suffer more without an injunction than prison officials will suffer if the injunction is granted. Roper v. Nixon, 545 F.3d 685,690 (8th Cir 2008); Duran v. Anaya, 642 F. Supp 510. 527 (D.W.M. 1986)**

**Holding that prisoners interest in safety and medical care out weight states interest in saving money by cutting staff.**

**Plaintiffs do not have an "adequate remedy at law" award of damages or other relief will not adequately protect them.**

**There is an actual danger of future violations of plaintiffs rights and past misconduct by the Arkansas Dept. of Corrections may be evidence that future misconduct is likely.**

**In Estelle v. Gamble, supra, we held that the denial of medical care is cruel and unusual because in the worst case it can result in physical torture, and even less serious cases, it can result in pain without any penological purpose. 429 U.S. at 103 97 S.ct. at 2901.**

**In Hutto v. Finney, supra, The conditions of confinement in two Arkansas prisons constituted cruel and unusual punishment because they resulted in unquestioned and serious deprivation of basic human needs.**

**Prisoners have been granted preliminary injunction in variety of cases.**

**A (TRO) Temporary Restraining Order should be granted in plaintiffs case to prevent immediate and irreparable deprivation of constitutional rights.**

**Plaintiff's have supported there is a case of deliberate indifference to plaintiffs serious medical needs caused by defendants and manifested by prison guards in intentionally denying and delaying access to medical care and treatment. Intentionally interfering with treatment for plaintiffs diabetes prescribed by a doctor.**

**Regardless of how evidence deliberate indifference to prisoners serious illness states cause of action under civil rights statute. U.S.C.A Const. Amend. 8**

**In Estelle v. Gamble, 429 U.S 97. 104[97 S.Ct. 285] (1976), Indifference to prisoners serious medical needs is cruel and unusual punishment and harsh 'conditions of confinement' may constitute cruel and unusual punishment unless such conditions are part of the penalty that criminal offenders pay for their offenses against society" Rhodes v Champan, 452 U.S. 337 (1981).**

**Deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and wanton infliction. See Estelle v. Gamble, 429 U.S 97 (1976). Cummings v. Roberts, 628 F.2d 1065. (8th Cir 1980) and Hall v. Ashely, 607 F.2d 789. 791 (8th Cir 1979).**

**WHEREFORE, and with cause a preliminary injunction and or temporary restraining order should issue. For reasons stated and Plaintiffs affidavit and declaration in support or a temporary restraining order issued until the court has time to schedule a hearing to determine whether a preliminary injunction is justified.**

**Defendants performs the following:**

**1. The infirmary at the varner unit are to staff adequate nurses and medical staff to be able to provide for plaintiffs medical care and treatment and all prisoners in the varner unit and varner super max unit. At least (2) nurses on staff at the varner unit 24 hours a day 7 days a week, and at least (1) nurse on staff at the varner super max unit 24 hours a day 7 days a week.**

**2 The infirmary at the varner unit staff a medical doctor 5 days a week monday thru friday. And at least 2 days a week in the varner unit super max.**

**3. The infirmary at the varner unit provide a nurse to give diabetic insulin shots at 2:00 am; 9:00 am and 2:30 pm, to all diabetes/diabetics plaintiffs and other prisoners.**

**The Defendants under security of the varner unit, or varner supper max will help the nurse in the infirmary to assure all diabetics are provided access to the infirmary for their diabetic insulin injections or diabetic testing, medical care and treatment.**

**4 The infirmary at the varner unit will provide "treatment call" between 7:00 pm to 10:00 pm, for any prisoner who have a medical script for medical care and treatment.**

**5 The infirmary medical staff and its nurse will assure diabetic shot call is done at the times listed, without delay, or letting anything interfere with the diabetic insulin injection and medical care and treatment.**

(1) Defendants will refrain from the following in the area of security, will not interfere with the diabetic insulin shots, known as "diabetic shot call" will not delay or deny or interfere with the same plaintiffs will be provided full access to the infirmary along with any other prisoners who are diabetic and the defendants agents [guards/officers] or other will refrain from the same at diabetic shot call, hours 2:00 am; 9:00am and 2:30pm.

(2) Defendants and its agents will refrain from delaying, denying, or interfering with plaintiffs access to the infirmary for medical care or treatment, the same with other prisoners seeking medical care or treatment.

Plaintiffs require immediate relief to prevent irreparable injury. The plaintiffs request this court issue a temporary restraining order, in order to stop this failure to provide medical care and treatment which is deliberate indifference to plaintiffs serious medical needs, which is cruel and unusual punishment in violation of the Eighth Amendment which also embodies "broad and idealistic concepts of dignity, civilized standards humanity and decency" Jackson v. Bishop, 404 F. 2d 571,579 (C.A.8 1968).

Plaintiffs request this court issue a (TRO) temporary restraining order pending a preliminary injunction and evidentiary hearing for a permanent injunction.

Plaintiffs have filed emergency grievances plaintiffs exhibits A and B which are filed September 1, 2012, no action has been taken on them by defendants.

VIII. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

INJUNCTIVE RELIEF / PRELIMINARY INJUNCTION
COURT COST, AND FILING FEE'S
PERMANENT INJUNCTION

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 19 day of September, 2012.

Y. Valack
Rafert Heffern

Signature(s) of plaintiff(s)

Revised 03/19/09

**UNIT LEVEL GRIEVANCE FORM (Attachment I)**

FOR OFFICE USE ONLY
GRV. #
Date Received:
GRV. Code #:

**Unit/Center** Varner

**Name** Robert Heffernan

**ADC#** 76641 **Brks #** 22 **Job Assignment** Pm

(Date) STEP ONE: Informal Resolution

(Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why:

9-1-12 (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm; emergency grievances are not for ordinary problems that are not of a serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. If an Emergency, state why: Not providing Nurses to give me my 9:00 am Diabetic shot is subjecting me to serious risk of harm.

*Is this Grievance concerning Medical or Mental Health Services?* ✓ *If yes, circle one: medical or mental*

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): On September 1, 2012 myself and another inmate went to the infirmary to get our 9:00 am Diabetic shot we were told there is no Nurses in the infirmary to give us our "Diabetic shot" ordered by a M.D. This subjects us to substantial risk of serious harm. Inadequate staffing Nurses at the Varner unit. I am a insulin Diabetic and I have to have my insulin shots. This is Deliberate indifference to my serious needs and violates the Eighth Amendment. Diabetic is a serious medical condition which requires Diabetic insulin shots which are given so many hours apart. Corizon and the A.D.C. are liable for not assuring the infirmary staff the needed Nurses to provide Diabetic care and treatment "insulin injection shots". Otherwise myself as a insulin Diabetic should not be housed at the Varner unit and should be sent to the A.D.C. medical unit Malvern so my medical needs are taken care of.

Robert R Heffernan — September 1, 2012

Inmate Signature Date

***If you are harmed/threatened because of your use of the grievance process, report it immediately to the Warden or designee.***

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on ____________ (date), and determined to be **Step One** and/or an Emergency Grievance ________ (Yes or No). This form was forwarded to medical or mental health? ________ (Yes or No). If yes, name of the person in that department receiving this form: ____________________ Date __________

[signature] [ID] [signature] 9-1-12

**PRINT** STAFF NAME (PROBLEM SOLVER) ID Number Staff Signature Date Received

Describe action taken to resolve complaint, including **dates**: ____________________

Staff Signature & Date Returned Inmate Signature & Date Received

This form was received on __________ (date), pursuant to **Step Two**. Is it an Emergency? ________ (Yes or No).

Staff Who Received Step Two Grievance: _ Date: __________

Action Taken: ______________ (Forw her) Date: __________

If forwarded, provide name of person receivi _ Date: __________

PLAINTIFFS EXHIBIT A

**DISTRIBUTION: YELLOW & PINK** – Ir er; **ORIGINAL**-Given back to Inmate After Completion of Step One and

**UNIT LEVEL GRIEVANCE FORM** (Attachment I)

FOR OFFICE USE ONLY

GRV. # ______

Date Received: ______

GRV. Code #: ______

**Unit/Center** [illegible]

**Name** [illegible]

**ADC#** [illegible] **Brks #** [illegible] **Job Assignment** [illegible]

[illegible] (Date) STEP ONE: Informal Resolution

______ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why: ______

[illegible] (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm; emergency grievances are not for ordinary problems that are not of a serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. If an Emergency, state why: [illegible]

*Is this Grievance concerning Medical or Mental Health Services?* [illegible] *If yes, circle one: medical or mental*

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): [illegible]

[illegible]

Inmate Signature [illegible] Date [illegible]

***If you are harmed/threatened because of your use of the grievance process, report it immediately to the Warden or designee.***

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on ______ (date), and determined to be **Step One** and/or an Emergency Grievance ______ (Yes or No). This form was forwarded to medical or mental health? ______ (Yes or No). If yes, name of the person in that department receiving this form: ______ Date ______

PRINT STAFF NAME (PROBLEM SOLVER) [illegible] ID Number [illegible] Staff Signature [illegible] Date Received [illegible]

Describe action taken to resolve complaint, including **dates**: ______

Staff Signature & Date Returned ______ Inmate Signature & Date Received ______

This form was received on ______ (date), pursuant to **Step Two**. Is it an Emergency? ______ (Yes or No).

Staff Who Received Step Two Grievai ______ Date: ______

Action Taken: ______ den/Other) Date: ______

If forwarded, provide name of person r ______ Date: ______

PLAINTIFFS EXHIBIT B

**DISTRIBUTION: YELLOW & PIN** ... e Officer; **ORIGINAL**-Given back to Inmate After Completion of Step One and Step Two.

AFFIDAVIT
and
DECLARATION

STATE OF ARKANSAS )
)
COUNTY OF LINCOLN )

I Robert Heffernan, Plaintiff, after being duly sworn, do hereby swear, depose and state that:

All matters noted in my motion for a preliminary injunction and or a temporary restraining order and grievance and affidavit/declaration of the incidents contained in plaintiffs motion is true and accurate. And Plaintiff motion is made in good faith, and fairness I have suffered deprivation of my fundamental constitutional rights and will suffer irreparable injury if not granted injunctive and prospective relief my constitutional rights under the 8th Amendment have been violated by defendants. And Plaintiff has filled the requirements for injunctive relief. Plaintiff will suffer irreparable injury/harm, plaintiff lack adequate remedy at law. There will be no harm to any defendant opposing the motion. And there is no harm to the public interest the public would be in favor of the injunctive relief because it is only asking by order what defendants should be doing. To preserve life and irreparable injury.

**I further swear that the description of the incident contained herein, is true , accurate and impartial to the best of my knowledge, information and belief.**

**Name:** Robert Heffernan

**Date:** September 11, 2012

Robert R Heffernan

**Signature**

**Subscribed and sworn to before me this** 11th **day of September, 2012 under the penalty of perjury (18 U.S.C. §1021)**

AFFIDAVIT

STATE OF ARKANSAS )
)
COUNTY OF LINCOLN )

I Vincent E. Valachi, ADC# 099530, after being duly sworn, do hereby swear, depose and state that:

The matters stated in this motion for preliminary injunction and temporary restraining order are true and correct. See grievance and this affidavit in support.

These problems continue even today and have been for the past nine (9) months here at the Varner Unit. The shortness of medical staff places every inmate and officers life in great harm and danger. On September 1st, 2012, at 9:00 am, myself and one other inmate "Robert Heffernan" have a order to report to the infirmary every morning at 9:00 am to receive our diabetic insulin shot. We where told by security that there was no nurse or other medical staff at the varner unit for three (3) hours there was no one here in case of a medical emergency. I'm confine to a wheelchair and have cathater inside of me and at times the inflated balloon inside will pop and come out this happened a lot lately and like last night because of the lack and inadequate staff available I had to wait on staff to clear me for the infirmary.

I truly believe that my life and wellbeing are in great danger due to the lack of medical staff meaning nurses, doctor, PA, and NP. One nurse for

**1600 inmates is not adequate to guarantee proper medical care and treatment.**

**I further swear that the description of the incident contained herein, is true , accurate and impartial to the best of my knowledge, information and belief.**

**Name:** Vincent E. Valachi

**Date:** September 11, 2012

Vincent E. Valachi

**Signature**

**Subscribed and sworn to before me this** 11th **day of September, 2012 under the penalty of perjury (18 U.S.C. §1021)**