**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**VINCENT E. VALACHI, et al.**                                                                                      **PLAINTIFFS**

**V.**                                      **No. 5:12CV00369 JLH/BD**

**CORIZON,** *et al.*                                                                                                **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.     Background**

Plaintiffs Vincent E. Valachi and Robert Heffernan, Arkansas Department of Correction ("ADC") inmates housed at the Varner Unit, filed this case *pro se* under 42 U.S.C. § 1983.  (Docket entry #2)  Both Plaintiffs suffer from insulin-dependant diabetes. In their complaint, they allege that the Varner Unit infirmary is understaffed and that, as a result, they were not provided insulin in a timely manner on two occasions.  On September 1, 2012, both Plaintiffs arrived at the infirmary at 9:00 a.m. to receive their insulin injections.  According to the complaint, they were informed that there was not a nurse present in the infirmary, and they would have to wait.  Both inmates received their insulin injections at 11:30 a.m. that day.

The next day, both inmates were walking to "shot call," when an ADC officer, who is not a party to this lawsuit, stopped them and would not let them pass.  As a result, they received their insulin injections an hour later than scheduled.

Plaintiffs name as Defendants Corizon, Inc., Warden James Banks, Assistant Warden Joe Page, and Infirmary Administrator Jennifer McBride.  They request injunctive relief.

Both the ADC Defendants (James Banks and Joe Page) and the Medical Defendants (Corizon, Inc. and Jennifer McBride) have filed motions to dismiss. (#13, #16) Plaintiffs have responded to the motions, and Mr. Valachi has filed a "motion for order to correct illegal filing fees." (#18, #19, #20) The Court recommends that the Defendants' motions (#13, #16) be GRANTED and that the Plaintiffs' claims be DISMISSED, without prejudice. In addition, the Court recommends that Mr. Valachi's motion for order (#19) be DENIED.

### III.   Analysis

    A.   Motions to Dismiss

    1.   Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983. A complaint does not have to include detailed factual allegations, but it does have to set out enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663, 129 S.Ct. at 1940. Pro se complaints are

construed liberally, but they still must include "enough facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

2. ADC Defendants

In their motion to dismiss, the ADC Defendants argue that Plaintiffs have failed to allege that either Defendant Banks or Defendant Page had any control over the operation or staffing of the Varner Unit infirmary, so they are not responsible for either of the incidents giving rise to this lawsuit.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This indifference extends to prison officials "in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*.

To show that prison officials failed to provide adequate medical treatment, Plaintiffs must allege that they suffered from an objectively serious medical need and that prison officials "knew of the need yet deliberately disregarded it." *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials "ignored an acute or escalating situation or that [these] delays adversely affected his prognosis." See *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995) (quoting *Beyerbach v. Sears*, 49 F.3d 1324,

4

1326 (8th Cir. 1995), abrogated on other grounds by *Johnson v. Jones*, 515 U.S. 304 (1995), as recognized in *Reece*, 60 F.3d at 492 (internal quotation marks omitted)).

Here, although Plaintiffs claim that the ADC Defendants are aware that the Varner infirmary is currently understaffed, they do not allege that ADC Defendant Banks and Page were responsible for, or had specific knowledge of, the two occasions in which Plaintiffs experienced a delay in receiving their insulin injections.

Further, even assuming that these Defendants were informed that ADC inmates were experiencing a delay in receiving medication, Plaintiffs have failed to allege that they experienced any injury as a result of the alleged delays. Although they explain that a diabetic's failure to receive insulin *could* result in diabetic shock, coma, or death, they do not state that their conditions worsened in any way as a result of the events described in their complaint. Moreover, based on the Plaintiffs' allegations, they experienced a delay in receiving their insulin injections, but they did receive their prescribed injections within a relatively brief period of time. As a result, as stated, their claims against the ADC Defendants fail.

3. Medical Defendants

In their motion to dismiss, the Medical Defendants argue that Plaintiffs failed to exhaust their administrative remedies against them, and also that they failed to state a deliberate-indifference claim. The Medical Defendants assert that Plaintiffs admitted in their complaint that their grievance regarding the events giving rise to this lawsuit is "still

pending." (#3 at p.3)   Therefore, the Plaintiffs' claims should be dismissed, without prejudice.

Before prisoners can file a lawsuit under 42 U.S.C. § 1983, they must first exhaust all "available" remedies. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").  For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).

The purpose of the exhaustion requirement includes "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S.199, 127 S.Ct. 910, 923 (2007); see also *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2385 (2006).

In response to the Medical Defendants' motion, Plaintiffs provide multiple grievances, which they claim have been fully exhausted.  Unfortunately, the grievances provided are not related to the incidents giving rise to this lawsuit.  Although Plaintiffs complain not receiving insulin injections in several of the grievances presented, they do

not present any evidence that those grievances have been fully exhausted.[1]  Importantly, one of the grievance forms presented by the Plaintiffs indicates that the issue is currently being addressed.  In response to Mr. Heffernan's grievance dated October 15, 2012, an infirmary staff member noted "management has been informed of the issue and steps are being taken to prevent reoccurrence."  (#20 at p.17)

Because the undisputed evidence shows that Plaintiffs did not fully exhaust a grievance against the Medical Defendants prior to filing this lawsuit, their claims against them must be dismissed, without prejudice.

The Court, however, notes that it is concerned about the apparent problems that Plaintiffs have had in receiving their medication.  Based on the Plaintiffs' response to the pending motion to dismiss, this problem has persisted even after this lawsuit was filed.  Both the ADC and Medical Defendants are cautioned that failing to adequately staff the infirmary, and therefore, failing to provide timely medication to the inmate population at the Varner Unit could result in an increased risk of inmate injury, as well as an increase in inmate litigation.  And they are now on notice that there is apparently a problem.

---

[1] The only grievances that appear to be fully exhausted are VU-12-121, VU-12-1018, VU-12-119, and VU-12-1087.  The only named Defendant mentioned in these grievances is Warden Banks.  In grievance 12-1018, Mr. Heffernan complains that on May 18, 2012, Lt. Bradley (not a Defendant to this lawsuit) prevented him from receiving his insulin injection in a timely manner.  He states "Warden Banks has ensured diabetics get there [sic] insulin at set time[s]."  (#20 at p.16)

B.  Motion for Order

In his Motion for Order, Mr. Valachi claims that ADC officials have collected an excessive amount of funds from his inmate trust account. There is no due process violation when a state actor deprives a person of personal property, such as money, so long as there is an adequate state-law, post-deprivation remedy available. *Hudson v. Palmer*, 468 U.S. 517, 529-30, 104 S.Ct. 3194 (1984). The State of Arkansas provides such a remedy through its Claims Commission. See ARK. CODE ANN. § 19-10-204(a) (vesting the Arkansas Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions").

Consistent with *Hudson*, the Eighth Circuit has held that a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of personal property, so long as the state provides some sort of remedy. See *Skinner v. Missouri*, Case No. 06-1512, 2007 WL 315364 (8th Cir. Feb. 5, 2007) (unpublished opinion) (holding that a Missouri prisoner did not state a § 1983 due process claim regarding the confiscation of money from his inmate trust account because he had an adequate state remedy), and *Williams v. Campbell*, Case No. 00-3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001) (unpublished opinion) (holding that the defendants' failure to return the property seized from a prisoner did not violate the due process clause because the prisoner could file a

claim before the Arkansas Claims Commission).  Any potential claim regarding the loss of personal property, including funds from an inmate's trust account, should be dismissed.

IV. **Conclusion**

The Court recommends that the motions to dismiss (#13, #16) be GRANTED and that the Plaintiffs' claims be DISMISSED, without prejudice.  In addition, Mr. Valachi's motion for order (#19) should be DENIED.

DATED this 3rd day of December, 2012.

_____
UNITED STATES MAGISTRATE JUDGE